CSD 1160 [05/15/03]

Name, Address, Telephone No. & I.D. No.

Routh Crabtree Olsen, P.S.
Renee M. Parker SBN 256851
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705
Phone: 714-382-6422  Fax: 714-277-4899
EMail: rparker@rcolegal.com

File RCO #   7777.34154

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Carlos J. Estrada, Jr., Maria L. Estrada
                                                    Debtor.

BANKRUPTCY NO. 12-05376-LT7

US Bank National Association, as Trustee for the holders of Bear Stearns
                                              Moving Party

RS NO. RCO-1

Carlos J. Estrada, Jr., Maria L. Estrada, Christopher R. Barclay
                                              Respondent(s)

## MOTION FOR RELIEF FROM AUTOMATIC STAY
☑ REAL PROPERTY       ☐ PERSONAL PROPERTY

    Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter  ☑ 7  ☐ 11  ☐ 12  ☐ 13  was filed on __April 16, 2012__.
   Conversion Date
2. Procedural Status:
   a. ☑ Name of Trustee Appointed *(if any)*:    Christopher R. Barclay

   b. ☐ Name of Attorney of Record for Trustee *(if any)*:

   c. ☐ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on:_____.
      If applicable, the prior case was dismissed on: _____.

   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

   Movant alleges the following in support of its Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

      2121-2123 Harrison Avenue
      San Diego, CA 92113
      San Diego County

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

      Other Single Family Residence

   c. Legal description of property is attached as Exhibit A.

CSD 1160

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $_____203,578.00_.

    f.    *Nature of Debtor's interest in the property:
        Sole Owner

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

    a.    Fair market value of property as set forth in the Debtor's schedules: $_____.

    b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $_____203,578.00.

4. *Nature of Movant's interest in the property: Deed of Trust

5. *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:    $    497,107.03
    b.    Amount of monthly payment:    $    2,684.59
    c.    Date of last payment:    December 12, 2011
    d.    If real property,
        i.    Date of default:    September 1, 2011
        ii.    Notice of Default recorded on:
        iii.    Notice of Sale published on:
        iv.    Foreclosure sale currently scheduled for:
    e.    If personal property,
        i.    Pre-petition default:    $_____    No. of months:_____
        ii.    Post-petition default:    $_____    No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
    a.    Date of post-petition default:
    b.    Amount of post-petition default:    $_____

7. Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Movant | 470,000.00 | 21,476.72 | 8 | 2,684.59 | 1 |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 470,000.00 | $ 21,476.72 | | $ 2,684.59 | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

CSD 1160 (Page 3) [05/15/03]

8. Relief from the automatic stay should be granted because:
   a. ☑ Movant's interest in the property described above is not adequately protected.
   b. ☑ Debtor has no equity in the ☑ real property ☐ personal property described above and such property is not necessary to an effective reorganization.
   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and
      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and
      ii. the Debtor/Trustee has
         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or
         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.
   d. ☐ *Other cause exists as follows (specify): ☐ See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☑ Other relevant evidence:
   Exhibit A (Legal description); Exhibit B (Note/Deed); Exhibit C (Schedules A and D); Exhibit D (Assignment of Deed of Trust)

2. ☐ (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑ Relief as requested.

☑ Other:
   a) the Order for relief be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;
   b) the 14-day provided by Bankruptcy Rule 4001 (a)(3) be waived;
   c) if relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 7/3/12

/s/ Renee M. Parker
[Attorney for] Movant

Edward T. Weber Esq.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160